IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| COMBUSTION ENGINEERING, INC., ) | Case No.03-10495 (JKF) |
| ) | |
| Debtor. ) | Objection Deadline: March 31, 2003 at 12:00 p.m. |
| ) | Hearing Date: April 1, 2003 at 1:00 p.m. |
| ) | |

## APPLICATION FOR AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND EMPLOYMENT OF FREEBORN & PETERS AS COUNSEL AND GOLDBERG, KOHN, BELL, BLACK, ROSENBLOOM & MORITZ, LTD. AS INTERIM COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE

The Official Committee of Unsecured Creditors of Combustion Engineering, Inc. (the "Creditors' Committee"), hereby submits this application (the "Application") for the entry of an order, pursuant to section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing and approving the retention and employment of Frances Gecker and Joseph D. Frank and Freeborn & Peters ("Freeborn & Peters") as counsel to the Creditors' Committee, nunc pro tunc to March 18, 2003, and Ronald Barliant and Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. ("Goldberg") as interim counsel to the Creditors' Committee, nunc pro tunc for the period from March 11, 2003 to March 18, 2003. In support of this Application, the Creditors' Committee relies upon: i) the Affidavit of Joseph D. Frank (the "Frank Affidavit"), a partner of Freeborn & Peters, attached to this Application as Exhibit A; and ii) the Affidavit of Ronald Barliant (the "Barliant Affidavit"), a partner of Goldberg, attached to this Application as Exhibit B (collectively, the Frank Affidavit and the Barliant Affidavit are referred to herein as the "Affidavits"). In further support of this Application, the Creditors' Committee respectfully represents as follows:

## Jurisdiction and Venue

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory basis for the relief requested herein is section 1103(a) of the Bankruptcy Code.

## Background

2.     On February 17, 2003 (the "Petition Date"), Combustion Engineering, Inc. (the "Debtor") commenced a "pre-packaged" chapter 11 case by filing a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code, together with a proposed disclosure statement and plan of reorganization.

3.     Prior to the Petition Date, the Debtor was a defendant in numerous lawsuits involving asbestos-related personal injury claims arising out of the Debtor's previous business activities. The Creditors' Committee is comprised of creditors who hold personal injury claims against the Debtor.

4.     In anticipation of filing for bankruptcy, in November 2002 the Debtor began negotiating the terms of its proposed disclosure statement and plan of reorganization with various creditors and parties in interest. In this case, the Debtor seeks to have its pre-packaged plan of reorganization confirmed by the Court.

5.     Since the Petition Date, pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor has continued in the management and possession of its properties as a debtor-in-possession.

6. On February 26, 2003, the Debtor obtained court approval of an expedited schedule for a combined hearing on its disclosure statement, plan or reorganization and plan solicitation procedures (the "Combined Hearing"). The Combined Hearing is currently scheduled for April 7, 2003.

7. On March 7, 2003, the United States Trustee appointed the Creditors' Committee, consisting of seven members. Shortly after it was appointed by the United States Trustee, the Creditors' Committee retained Goldberg and Duane Morris LLP ("Duane Morris") as interim counsel in order to preserve the rights of the Creditors' Committee with respect to certain then pending matters, prior to the Creditors' Committee's selection of permanent counsel.

**Relief Requested**

8. By this Application, the Creditors' Committee seeks to retain and employ Freeborn & Peters as its counsel in this chapter 11 case, nunc pro tunc to March 18, 2003, to provide advice on matters described in the Application, and respectfully requests entry of an order pursuant to section 1103(a) of the Bankruptcy Code authorizing the Creditors' Committee to do so. The Creditors' Committee intends that henceforth, Freeborn & Peters will act as its primary counsel in this bankruptcy proceeding, with Duane Morris to act as co-counsel and to seek approval of its retention by separate motion.

9. The Creditors' Committee additionally seeks this Court's approval to retain and employ Goldberg as interim counsel, nunc pro tunc for the period from March 11, 2003 to March 18, 2003, for the limited purpose of ensuring that Goldberg is fairly compensated for the work that it performed on behalf of the Creditors' Committee prior to the Creditors' Committee's selection of Freeborn & Peters. The Creditors' Committee does not intend that Goldberg will continue active representation of the Creditors' Committee.

## Basis for Relief Sought

10. As a result of the Debtor's pre-petition preparation for this chapter 11 filing, the Debtor's bankruptcy case is proceeding quickly, making necessary the immediate representation of all parties in interest by experienced bankruptcy counsel. Accordingly, the Creditors' Committee believes that its retention and employment of Freeborn & Peters as counsel to the Creditors' Committee is critical to protecting the interests of its constituent members during this time-sensitive chapter 11 proceeding. Moreover, the retention of Goldberg as interim counsel to the Creditors' Committee was vitally important given the rapid progress of these proceedings.

## Services to be Rendered

11. Subject to the approval of this Court, Freeborn & Peters will be engaged to render the following services to the Creditors' Committee:

(i) advise the Creditors' Committee in connection with the Debtor's pre-packaged plan;

(ii) provide legal advice with respect to the Creditors' Committee's powers and duties in connection with this chapter 11 case and any matters which may arise, including issues related to the pre-packaged plan, the pre-petition asbestos-payment trust and other matters;

(iii) prepare and file on behalf of the Creditors' Committee all applications, motions, responses, objections and other pleadings in these proceedings as may be necessary;

(iv) appear on behalf of and represent the Creditors' Committee in these chapter 11 proceedings at hearings, meetings of creditors and other meetings and proceedings as may be necessary;

(v) represent and advise the Creditors' Committee with respect to any adversary proceeding, lawsuit or other proceeding in which the Creditors' Committee may become a party or otherwise; and

(vi) perform all other necessary legal services that the Creditors' Committee requests and as may be appropriate in connection with these chapter 11 proceedings.

12. Similar services were provided by Goldberg on an interim basis.

13. The Creditors' Committee intends to separately apply for authority to retain Duane Morris as Delaware counsel, to serve as co-counsel with Freeborn & Peters. The Creditors' Committee expects both Freeborn & Peters and Duane Morris to coordinate their work to avoid any duplication of effort. The Creditors' Committee believes, however, that employing Freeborn & Peters as co-counsel as set forth herein will provide the Creditors' Committee with advice, assistance and information in a cost effective manner in those areas in which Freeborn & Peters has particular knowledge and expertise.

14. The above listed services are necessary and essential to the Creditors' Committee. Freeborn & Peters has indicated a willingness to act on behalf of, and render such services to, the Creditors' Committee, upon terms set forth herein.

### Disclosure Concerning Connections Between Freeborn & Peters and Parties in Interest

15. To the best of the Creditors' Committee's knowledge, except as set forth herein and in the accompanying Affidavits, Freeborn & Peters and Goldberg do not have any

connection with the Creditors' Committee, the Debtor, its affiliates, creditors or any other party in interest, or their representative attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and do not hold or represent any interest adverse to the Creditors' Committee on the matters upon which they are to be engaged.

## Professional Compensation

16. Freeborn & Peters intends to apply for compensation for professional services rendered in connection with this case, and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and orders of this Court.

17. The Creditors' Committee has been advised that the following Freeborn & Peters attorneys are expected to have primary responsibility for representing the Creditors' Committee and performing services on its behalf in this case:

| Attorney | Hourly Rate |
|---|---|
| (a) Frances Gecker | $400 per hour |
| (b) Joseph D. Frank | $375 per hour |

Other attorneys and paraprofessionals of Freeborn & Peters may also provide services to the Creditors' Committee in connection with Freeborn & Peters' retention, as necessary. Similar information with respect to Goldberg is set forth in the Barliant Affidavit.

18. The hourly rates set forth above are Freeborn & Peters' current, customary hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Freeborn & Peters for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments. It is Freeborn & Peters' policy to charge its clients for photocopying charges, travel expenses,

expenses for working meals, computerized research, transcription costs, and non-ordinary overhead expenses.

19. Freeborn & Peters has agreed to accept as compensation such sums as may be allowed by the court for fees incurred for professional services and for reimbursement of reasonable and necessary expenses.

20. Other than as set forth above, no arrangement is proposed between the Creditors' Committee and Freeborn & Peters for compensation to be paid in this case.

21. The Creditors' Committee has been advised by Freeborn & Peters that it has made no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## Request for Nunc Pro Tunc Authorization

22. Although the Creditors' Committee's application to retain and employ Freeborn & Peters as counsel and to retain Goldberg on an interim basis has not yet been granted, this case is proceeding quickly. Issues arise every day which require review by and input from the Creditors' Committee, and require the assistance of bankruptcy counsel. In order to avoid delaying this proceeding, while at the same time benefiting from the advice of seasoned counsel, the Creditors' Committee asked Freeborn & Peters to begin work prior to the filing of this Application. Given the need for counsel's services, the Creditors' Committee respectfully asks that the employment of Freeborn & Peters be authorized nunc pro tunc to March 18, 2003.

23. The Creditors' Committee similarly was required to ask Goldberg to begin work prior to the filing of this Application. For the same reasons identified above, the Creditors Committee asks that the employment of Goldberg be authorized nunc pro tunc for the period from March 11, 2003 to March 18, 2003.

24. The Creditors' Committee believes that the retention of Freeborn & Peters and approval of the interim retention of Goldberg is necessary and in the best interests of the Creditors' Committee, the Debtor, its estate and its creditors.

## **No Prior Request**

25. No prior application for the relief requested herein has been made to this or any other court.

## **Notice**

26. Notice of the Application and the requested relief has been provided to counsel for the Debtor, the Office of the United States Trustee and any party who has entered their appearance in this case as of March 21, 2003, pursuant to Bankruptcy Rule 2002. Accordingly, the Creditors' Committee believes that such notice of the Application is appropriate and sufficient.

## Conclusion

WHEREFORE, the Creditors' Committee respectfully requests that the Court enter an Order:

1. Granting this Application;

2. Authorizing the Creditors' Committee to retain and employ Frances Gecker and Joseph D. Frank and Freeborn & Peters as its counsel in this chapter 11 case, <u>nunc pro tunc</u> for the period from March 18, 2003 to March 18, 2003, pursuant to section 1103(a) of the Bankruptcy Code and in accordance with the terms set forth in this application;

3. Authorizing the Creditors' Committee to retain and employ Ronald Barliant and Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. as interim counsel, <u>nunc pro tunc</u> to March 11, 2003, pursuant to section 1103(a) of the Bankruptcy Code and according to the terms of the Application; and

4. Granting such other and further relief as this Court deems just.

Respectfully submitted,

PROPOSED COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS
OF COMBUSTION ENGINEERING, INC.


By: /s/ Michael R. Lastowski
      One of its attorneys

Frances Gecker (Illinois ARDC #6198450)
Joseph D. Frank (Illinois ARDC #6216085)
James A. Snyder (Illinois ARDC #6278484)
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Phone: (312) 360-6000
Fax: (312) 360-6596

and

Michael R. Lastowski (DE I.D. No. 3892)
Richard W. Riley (DE I.D. No. 4052)
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
Phone: (302) 657-4900
Fax: (302) 657-4901

Dated: March 24, 2003