# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| COMBUSTION ENGINEERING, INC., | ) |
| | ) Case No. 03-10495 (JKF) |
| Debtor. | ) |
| | ) **Objection Deadline: July 3, 2003 at 4:00 p.m.** |
| | ) **Hearing Date: July 11, 2003 at 11:00 a.m.** |


## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR LEAVE TO FILE A RESPONSE TO THE OBJECTION TO APPLICATION FOR AN ORDER AUTHORIZING NUNC PRO TUNC RETENTION AND EMPLOYMENT OF CAPLIN & DRYSDALE, AS SPECIAL CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS RELATED DOCKET NOS. 790 AND 815

The Official Committee of Unsecured Creditors of Combustion Engineering, Inc. (the "Committee"), by and through its counsel, hereby moves this Court for leave to file the Reply of the Official Committee of Unsecured Creditors to the Objection to Application for an Order Authorizing Nunc Pro Tunc Retention and Employment of Caplin & Drysdale, as Special Co-Counsel to the Official Committee of Unsecured Creditors [Related Docket Nos. 790 and 815]. In support of this Motion, the Committee respectfully avers as follows:

1. On February 17, 2003 (the "Petition Date"), Combustion Engineering, Inc. (the "Debtor") commenced a "pre-packaged" Chapter 11 case by filing a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), together with a disclosure statement (the "Disclosure Statement") and plan of reorganization (the "Plan")

2. On March 24, 2003, the Committee filed an application seeking authorization from the Court to retain Freeborn & Peters as lead counsel to the Committee. The

Court has authorized the employment of Freeborn & Peters as lead counsel to the Committee nunc pro tunc to March 18, 2003. Shortly thereafter, the Committee submitted to this Court an application to retain and employ Duane Morris LLP ("Duane Morris") as Delaware co-counsel to the Committee, which application was authorized nunc pro tunc to March 11, 2003.

3.     The Plan confirmation hearing before the Bankruptcy Court in this proceeding concluded on May 13, 2003. However, the Third Circuit Court of Appeals has assigned the proceeding to Judge Wolin of the United States District Court for the District of New Jersey to adjudicate matters over which the Bankruptcy Court does not have jurisdiction pursuant to 11 U.S.C. § 524(g). Judge Wolin subsequently referred the case back to the Bankruptcy Court, but reserved the right to withdraw the reference to the District Court to adjudicate certain non-core matters.

4.     Therefore, in addition to its continued responsibilities before the Bankruptcy Court, the Committee will also represent its constituents before the District Court for the District of New Jersey in matters related to the implementation of the Section 524(g) injunction proposed by the Debtor in its Plan, and on any other matters taken up by Judge Wolin.

5.     On May 16, 2003, the Committee filed an application to retain and employ Caplin & Drysdale to act as the Committee's special co-counsel to provide limited, specialized services on behalf of the Committee. As special co-counsel to the Committee, Caplin & Drysdale's responsibilities to date have been limited to representing and advising the Committee on issues related to the participation of the District Court in this proceeding and with respect to the opposition to the Plan of the Debtor's insurers. The Committee anticipates that Caplin & Drysdale will also represent the Committee along with Freeborn & Peters in appellate matters and with respect to certain specific negotiations, meetings and hearings related thereto. Caplin &

2

Drysdale will continue to act in this same limited representative capacity on behalf of the Committee until the completion of the Debtor's bankruptcy proceeding.

6.      On or about May 21, 2003, certain cancer claimants filed an Objection to Application for an Order Authorizing Nunc Pro Tunc Retention and Employment of Caplin & Drysdale, as Co-Counsel to the Official Committee of Unsecured Creditors Pursuant to Section 1103(a) of the Bankruptcy Code (the "Objection").

7.      Del. Bank. LR 9004-1(d) provides that no replies are permitted, absent Court approval.

8.      The Objection raises several factual and legal issues which the Committee believes should be addresses in the context of the proposed reply (the "Reply"), so as to better inform the Court of the need for the retention of Caplin & Drysdale, as special co-counsel to the Committee.

**[Remainder of Page Intentionally Left Blank]**

3

9. Accordingly, the Committee respectfully requests that the Court grant the Committee leave to file the Reply, a copy of which is attached hereto as Exhibit "A".

Respectfully submitted,
THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF
COMBUSTION ENGINEERING, INC.

Dated: June 20, 2003
Wilmington, Delaware

By: /s/ Michael R. Lastowski
        One of its attorneys

Michael R. Lastowski (DE I.D. No. 3892)
Richard W. Riley (DE I.D. No. 4052)
Duane Morris LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801
Phone:         (302) 657-4900
Fax:           (302) 657-4901
E-mail:        mlastowski@duanemorris.com
               rwriley@duanemorris.com

and

Frances Gecker (Illinois ARDC #6198450)
Joseph D. Frank (Illinois ARDC #6216085)
James A. Snyder (Illinois ARDC #6278484)
FREEBORN & PETERS
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone:         (312) 360-6000
Fax:           (312) 360-6596

Counsel for the Official Committee of Unsecured Creditors

4